**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ANTONIO G. CANTU** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 5:25-cv-00197-XR** |
| | § | |
| **HON. NORMA GONZALES,** | § | |
| **MICHAEL AMEZQUITA, LESLIE** | § | |
| **M. LUTTRELL, ROGELIO** | § | |
| **SANDOVAL, and ELIZABETH** | § | |
| **DAVIDSON** | § | |
| **Defendants.** | § | |

**MOTION TO DISMISS UNDER FEDERAL RULES
CIVIL PROCEDURE 12(b)(1) AND (6)**

No. 5:25-cv-00179-XR
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND ............................................................................................... 4

    A.  State Court Proceedings ........................................................... 4

    B.  The Factual Allegations in the Case at Bar ........................................ 8

III. STANDARD FOR REVIEW ...................................................................... 9

    A.  Rule 12(b)(1) Standard .................................................................... 9

    B.  Rule 12(b)(6) Standard ................................................................. 10

IV. THIS COURT LACKS SUBJECT MATTER JURISDICTION ................................. 11

    A.  THE ROOKER-FELDMAN DOCTRINE PRECLUDES CANTU FROM ASSERTING ANY CLAIMS AGAINST AMEZQUITA, SANDOVAL OR THE DISTRICT ................................................................................... 11

    B.  QUALIFIED IMMUNITY FOR EACH OF AMEZQUITA, SANDOVAL, LUTTRELL AND DAVIDSON ........................................................................... 14

    i.   Amezquita and Sandoval have governmental and official immunity ................ 14

    ii.  Luttrell and Davidson are immune from the claims asserted by Cantu .............. 16

    C.  NO PRIVATE RIGHT OF ACTION UNDER 18 U.S.C. §241 .............................. 17

V. CANTU HAS FAILED TO STATE A CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED ................................................................................................ 19

VI. RESERVATION OF RIGHT TO SEEK SANCTIONS ............................................. 19

PRAYER ............................................................................................................. 19

CERTIFICATE OF SERVICE ............................................................................... 20

No. 5:25-cv-00179-XR
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ali v. Shabazz,*
  8 F.3d 22 (5th Cir. 1993) ............................................................................ 17

*Alpert v. Crain, Caton & James, P.C.,*
  178 S.W.3d 398 (Tex. App. — Houston [1st Dist.] 2005) ................................... 16, 17

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................... 10, 11, 19

*Ballantyne v. Champion Builders, Inc.,*
  144 S.W.3d 417 (Tex. 2004) ........................................................... 14, 15

*Ballew v. Cont'l Airlines, Inc.,*
  668 F.3d 777 (5th Cir. 2012) .......................................................................... 9

*Barcelo v. Elliott,*
  923 S.W.2d 575 (Tex. 1996) ......................................................................... 16

*Barrera-Montenegro v. United States,*
  74 F.3d 657 (5th Cir. 1996) ............................................................................ 9

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................... 10, 11, 19

*Cameron County Appraisal Dist. v. Rourk,*
  No. 13–15–00026–CV, 2016 WL 380309
  (Tex. App. – Corpus Christi-Edinburg 2016) ........................................................ 15

*Cantey Hanger, LLP v. Byrd,*
  467 S.W.3d 477 (Tex. 2015) ......................................................................... 16

*Chaney v. Races & Aces,*
  590 Fed. Appx. 327 (5th Cir. 2014) ................................................................ 17

*City of Lancaster v. Chambers,*
  883 S.W.2d 650 (Tex. 1994) ......................................................................... 14

*Cok v. Cosentino,*
  876 F.2d 1 (1st Cir. 1989) ............................................................................ 18

*Cort v. Ash,*
  422 U.S. 66 (1975) .................................................................................. 3, 18

No. 5:25-cv-00179-XR
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page ii

*District of Columbia Court of Appeals v. Feldman*,
    460 U.S. 462 (1983) ................................................................. 11, 12, 13

*Dixon Fin. Servs., Ltd. v. Greenberg, Peden, Siegmyer & Oshman, P.C.*,
    No. 01-06-00696-CV, 2008, 2008 WL 746548 (Tex. App.—Houston [1st Dist.]
    March 20, 2008)....................................................................................... 17

*Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*,
    675 F.3d 849 (5th Cir. 2012)................................................................. 11

*Dugar v. Coughlin*,
    613 F.Supp. 849 (S.D.N.Y. 1985)........................................................... 18

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005) ................................................................................ 12

*Fort Bend County v. U.S. Army Corps of Eng'rs*,
    59 F.4th 180 (5th Cir. 2023)..................................................................... 9

*Franka v. Velasquez*,
    332 S.W.3d 367 (Tex. 2011).................................................................... 14

*Gill v. Texas*,
    153 F. App'x 261 (5th Cir. 2005).............................................................. 4

*Ill. Cent. R.R. Co. v. Guy*,
    682 F.3d 381 (5th Cir. 2012).................................................................... 12

*Kassen v. Hatley*,
    887 S.W. 2d 4 (Tex. 1994)................................................................. 14, 15

*Kruegel v. Murphy*,
    126 S.W. 343 (Tex. Civ. App. 1910, writ ref'd)...................................... 16

*Leal v. McHugh*,
    731 F.3d 405 (5th Cir. 2013)................................................................... 11

*Mackey v. Astrue*,
    No. 6:10-CV-105-BG, 2011 WL 3703273 (N.D. Tex. Aug. 8, 2011) .......... 18

*Martinez v. Harris Cty.*,
    526 S.W.3d 557 (Tex. App. – Houston [1st Dist.] 2017)........................... 15

*Martinez v. Humble Sand & Gravel, Inc.*,
    875 S.W.2d 311 (Tex. 1994)...................................................................... 8

*Mitchell v. Chapman*,
    10 S.W.3d 810 (Tex. App.—Dallas 2000)............................................... 16

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page iii

*Pickett v. Tex. Tech Univ. Health Scis. Ctr.*,
    37 F.4th 1013 (5th Cir. 2022)......................................................................... 9

*Pompura v. Paxton*,
    2016 U.S. Dist. LEXIS 196960 (W.D. Tex. Sept. 30, 2016) ......................... 18

*Renfroe v. Jones & Assocs.*,
    947 S.W.2d 285, 287-88 (Tex. App.— Fort Worth 1997).......................... 16

*Risley v. Hawk*,
    918 F. Supp. 18 (D.D.C. 1996) ................................................................... 18

*Rooker v. Fidelity Trust Co.*,
    263 U.S. 413 (1923) ................................................................... 11, 12, 13

*S. Recycling, L.L.C. v. Aguilar (In re S. Recycling, L.L.C.)*,
    982 F.3d 374 (5th Cir. 2020)..................................................................... 10

*Suter v. Artist M.*,
    503 U.S. 347 (1992) ........................................................................... 3, 18

Sw. Bell Tel., L.P. v. Emmett,
    459 S.W.3d 578 (Tex.2015)....................................................................... 14

*Telthorster v. Tennell*,
    92 S.W.3d 457 (Tex. 2002)........................................................................ 14

*Texas State Tech. Coll. v. Cressman*,
    172 S.W.3d 61 (Tex. App. – Waco 2005, pet. denied)............................... 16

*Thomas v. Dallas Hous. Auth.*,
    No. 3:24-CV-2476-S-BK, 2024 WL 4729764, at *2 (N.D. Tex. Oct. 10, 2024). 4, 17, 18

*Thompson v. City of Waco, Texas*,
    764 F.3d 500 (5th Cir. 2014)..................................................................... 10

*Toles v. Toles*,
    113 S.W.3d 899 (Tex. App.—Dallas 2003)........................................... 16, 17

*Touche Ross & Co. v. Redington*,
    442 U.S. 560 (1979) ........................................................................... 3, 18

*Townsend v. Montgomery Cent. Appraisal Dist.*,
    No. 09-10-00394-CV, 2011 WL 3207955 (Tex. App. – Beaumont 2011)................... 15

*Truong v. Bank of Am., N.A.*,
    717 F.3d 377 (5th Cir. 2013)..................................................................... 12

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                    Page iv

*Turner v. Pleasant*,
   663 F.3d 770 (5th Cir. 2011).........................................................................11

*Union Planters Bank Nat'l Ass'n v. Salih*,
   369 F.3d 457 (5th Cir. 2004).........................................................................12

**Statutes**

18 U.S. Code § 241.......................................................................... 1, 2, 3, 17, 18

Tex. Tax Code §23.01....................................................................................... 2

**Rules**

Fed. R. Civ. P. 11...........................................................................................19

Fed. R. Civ. P. 11(b).......................................................................................10

Fed. R. Civ. P. 11(c)................................................................................. 10, 19

Fed. R. Civ. P. 12(b)(1)............................................................................ 3, 4, 9

Fed. R. Civ. P. 12(b)(6)................................................................... 4, 9, 10, 11

Tex. R. Civ. P. 306a.........................................................................................8

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page v

# I. <u>INTRODUCTION</u>

1.       The Amended Complaint, to say the least, is difficult to follow.   Even weeding through the randomly inserted documents and the barely intelligible text, the Amended Complaint is nothing more than a collateral attack on properly adjudicated, final and non-appealable judgments of State District Court Judges – the Hon. John Gabriel and the Hon. Norma Gonzales – which action is in direct violation of the *Rooker-Feldman Doctrine*.   Additionally, the Amended Complaint purports to seek relief under a federal criminal statute – 18 U.S.C. § 241.   Cantu has neither plead a basis for application of a private right of action nor does the statute itself contemplate such.   Finally, based upon the scant allegations actually contained in the Amended Complaint, it is clear from the four corners of the complaint that each of the Defendants in this proceeding were acting wholly and exclusively within the course and scope of their roles as employees of the Bexar Appraisal District (the "<u>District</u>"), counsel for the District and the named employees, or the jurist adjudicating the state law claims asserted by Antonio G. Cantu ('<u>Cantu</u>") against the District, its employees, and attorneys.

2.       Through the instant lawsuit, Cantu continues his campaign of harassment of the current and former Chief Appraisers of the District, the lawyers that represent the District and its employees, and now one of the Judges who aversely adjudicated the tax code claims asserted by Cantu against the District.   Cantu also attempts to resurrect the finally adjudicated claims against the former Chief Appraiser, Michael Amezquita ("<u>Amezquita</u>") which were disposed of in the Amezquita PTJ, *infra*.   Cantu has and continues to complain that the values determined for his residential homestead located at 106 Dogwood, San Antonio, Texas (the "<u>Property</u>") are not properly assessed and/or

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                              Page **1**

calculated and insists, despite the prior rejection of those claims, that Amezquita – who retired effective December 31, 2023 – and ostensibly the current Chief Appraiser, Rogelio Sandoval ("Sandoval"), have violated 18 U.S.C. §241 in carrying out their duties as Chief Appraiser of the District. He also asserts that counsel[1] for the District, in the representation of the District in litigation *commenced by Cantu*, have likewise violated 18 U.S.C. §241. Cantu further contends that Judge Gonzales, in the furtherance of her role as jurist, likewise violated 18 U.S.C. §241.

3.      The primary obligation of the District and its employees is to assess the "market value" of taxable properties located in Bexar County, Texas as of January 1 of each calendar year. Tex. Tax Code §23.01. Notwithstanding the fact that Cantu's *ad valorem taxes have been substantially frozen* since 2004 when he reached the age of 65 and took advantage of the "over 65" exemption, beginning with the 2019 tax year, Cantu has challenged, through the Appraisal Review Board ("ARB") process, the market value assessment by the District of the Property. The challenges by Cantu have been brought in four discrete lawsuits that were ultimately consolidated. Cantu has lost his challenge as to each of the tax years 2019 through 2023, including the salacious and servile allegations against Amezquita for each of those years, by a presently final and non-appealable judgments entered in the 2021 Lawsuit, *infra*.

4.      This Court is without jurisdiction to hear and determine the claims and allegation brought by Cantu in this lawsuit against the District and Amezquita based upon the *Rooker-Feldman Doctrine*. Furthermore, the claims asserted by Cantu against each

---

[1]    Elizabeth "Conry" Davidson and Leslie M. Luttrell have at all times in the Consolidated Lawsuit, infra., served as outside counsel for the District.

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **2**

of the Defendants arise exclusively out of the fulfillment of their obligations as employees of the District, lawyers representing the District, and jurists adjudicating claims brought by Cantu against the District.  Because each of the Defendants were acting within the course and scope of their respective duties they are entitled to qualified immunity as explained more fully hereinafter.  Accordingly, the claims asserted should be dismissed under Fed. R. Civ. P. 12(b)(1).

5.      Alternatively, should the Court find some redeeming quality in the Amended Complaint, it must still be dismissed as it wholly fails to state a claim on which Cantu can be granted relief.  The statute under which Cantu purportedly seeks relief is a federal criminal statute which makes it unlawful for two or more persons to conspire to "injure, threaten or intimidate any person . . . in the free exercise of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same". 18 U.S.C. §241.   The allegations by Cantu that the Defendants' actions constitute criminal law violations under 18 U.S.C. § 241 are devoid of any legal basis. "Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone."" *Cort v. Ash*, 422 U.S. 66, 79, 95 S. Ct. 2080, 45 L. Ed. 2d 26 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S. Ct. 2479, 61 L. Ed. 2d 82 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363, 112 S. Ct. 1360, 118 L. Ed. 2d 1 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).  Cantu's Amended Complaint does not set forth a single thing "that would even come close to meeting that burden." *Thomas v. Dallas Hous. Auth.*, No. 3:24-CV-2476-

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                          Page **3**

S-BK, 2024 WL 4729764, at *2 (N.D. Tex. Oct. 10, 2024), report and recommendation adopted, No. 3:24-CV-2476-S-BK, 2024 WL 4729478 (N.D. Tex. Nov. 7, 2024).

6.    Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Cantu] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Id., (citing Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005)). Accordingly, the claims asserted should be dismissed under Rule 12(b)(1).

7.    Finally, Cantu as licensed lawyer and former jurist, simply should know better and be held to the standard of pleading that any other licensed lawyer is held to. The virtually unintelligible tomes filed by Cantu – both the Original and Amended Complaint – fail to set forth *any* coherent factual allegations which could support a cause of action against any of the Defendants and therefore should be dismissed with prejudice under Rule 12(b)(6).

## II. <u>BACKGROUND</u>

### A.    State Court Proceedings

8.    Cantu is the sole owner of the Property and has utilized the Property as his primary residence and maintained a homestead exemption on the Property since 1992. In 2004 Cantu qualified for and obtained the "over 65" exemption on the Property meaning that his taxes were frozen in place from that year forward by five of the seven taxing jurisdictions[2] to which the Property is subject. Only the San Antonio River Authority and

---

[2]    The Property is subject to the following taxing jurisdictions: a. 06 – Bexar County Road & Flood District; b. 08 – San Antonio River Authority District; c. 09 – San Antonio Community College District; d. 10 – University Health System; e. 11 – Bexar County; f. 24 – City of Castle Hills and g. 55 – Northeast Independent School District

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                   Page **4**

the University Health System continue to assess taxes at the current year's valuation after age 65.  Cantu has, as is his statutory right, regularly protested the valuation of the Property as determined by the District with the ARB.  In each of the years in which Cantu protested the assessed value of the Property, Cantu and the District were able to reach an agreement regarding the valuation of the Property until tax year 2019.   For each of the years 2019 through 2023 Cantu appealed the determination of the ARB to the Bexar County District Courts by filing four separate lawsuits[3], three of which were against the District and Amezquita, individually, and which asserted virtually identical allegations against Amezquita as are alleged in the instant proceeding.

9.    Defendants Elizabeth "Conry" Davidson ("Davidson") and Leslie M. Luttrell ("Luttrell") represented the District and, as applicable, Amezquita in each of the lawsuits filed by Cantu.  Edward Pina represented Cantu in the 2020 Lawsuit and the 2021 Lawsuit.  The 2020 Lawsuit was removed to this Court and ultimately remanded back to the 131st Judicial District Court of Bexar County, Texas.  Amezquita filed a Plea to the Jurisdiction in the 2021 Lawsuit which was granted by the Honorable Johnny Gabriel (the "Amezquita PTJ")[4].  The grant of the Amezquita PTJ was appealed by Cantu to the 4th Court of Appeals (the "PTJ Appeal").  During the pendency of the PTJ Appeal, Mr. Pina withdrew from representation of Cantu in each of the 2020 Lawsuit, the 2021 Lawsuit,

---

[3]    *Antonio G. Cantu v. Bexar Appraisal District and Michael Amezquita, individually*, Cause No. 2020-CI-22543 pending in the 131st Judicial District Court of Bexar County, Texas (the "2020 Lawsuit"); *Antonio G. Cantu v. Bexar Appraisal District and Michael Amezquita, individually*, Cause No. 2021-CI-22041 pending in the 288th Judicial District Court of Bexar County, Texas (the "2021 Lawsuit"; *Antonio G. Cantu v. Bexar Appraisal District and Michael Amezquita, individually*, Cause No. 2022-CI-20982 pending in the 45th Judicial District Court of Bexar County, Texas (the "2022 Lawsuit"); and *Antonio G. Cantu v. Bexar Appraisal District*, Cause No. 2023-CI-22152 pending in the 225th Judicial District Court of Bexar County, Texas (the "2023 Lawsuit") (collectively the "Consolidated Lawsuit").

[4]    *See*, Exhibit 1 *Order Sustaining Bexar Appraisal District's Plea To The Jurisdiction And Granting Motion To Dismiss Defendant Michael Amezquita Under TTCA §101.106(e)*.

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                   Page **5**

and the PTJ Appeal.  Undeterred, Cantu continued on with the PTJ Appeal representing himself.

10.     During the pendency of the PTJ Appeal, Floyd Contreras[5] took on the representation of Cantu and filed the 2022 Lawsuit and the 2023 Lawsuit.  When the PTJ Appeal was dismissed by the Fourth Court as premature, Mr. Contreras, on behalf of Cantu, agreed to the consolidation of the 2020, 2022 and 2023 Lawsuits into the 2021 Lawsuit and further agreed to re-plead to conform the pleadings to the Special Exceptions filed by the District and to remove all allegations related to the conduct of Amezquita for all tax years based on the Amezquita PTJ, which determination would remain subject to an ordinary – not interlocutory – appeal upon the conclusion of the case.  In accordance with the agreement, in September of 2024, Mr. Contreras filed the Second Amended Petition which included the challenges to the valuation of the Property for the tax years 2019 through 2023.  The District answered the Second Amended Petion on October 1, 2024.  On November 1, 2024, the District filed its Motion for Summary Judgment as to all claims asserted by Cantu in the Second Amended Petition, including all claims related to the valuation of the Property for tax years 2019 through 2023 (the "District's MSJ").   On November 8, 2024, Cantu filed his Third Amended Petition adding tax year 2024 to the pending de novo appeal.  The District's MSJ was not amended to add the 2024 tax year.

11.     The District's MSJ was originally set for hearing on November 26, 2024, but was delayed based upon the granting of a "not ready" announcement by Mr. Contreras related to the evidentiary objections lodged by the District.  The trial court gave Cantu

---

[5]    For a short period of time Misty Hataway-Coné represented Cantu in the 2021 Lawsuit prior to the substitution of Mr. Contreras.

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **6**

until January 2, 2025, to respond to the District's evidentiary objections[6].  On January 2, 2025, Mr. Contreras filed his Motion to Withdraw as counsel for Cantu and Cantu, on his own behalf, filed his response to the District's evidentiary objections.  Mr. Contreras was permitted to withdraw as counsel for Cantu on January 8, 2025.

12.    The District's MSJ and related evidentiary objections were heard on January 9, 2025, by the Hon. Norma Gonzales, a co-defendant in this lawsuit.  Judge Gonzales took the matters under advisement and on January 31, 2025 sustained the District's objections to Cantu's evidence in opposition to the District's MSJ. Judge Gonzales granted summary judgment in favor of the District on February 3, 2025[7].  The Summary Judgment denied the challenge to the 2019 valuation based upon limitations and established the value of the Property for each of the tax years 2020 through 2023. The Summary Judgment also **denied all other relief** requested by Cantu related to those tax years.

13.    On February 20, 2025 the District moved to sever the appeal of the 2024 tax year from the 2021 Lawsuit .  After a hearing before the Hon. Angelica Jimenez on March 6, 2025, an Order Granting Motion to Sever[8] was entered, which severed all claims brought under the authority of Texas Property Tax Code, Chapter 42 regarding the Property related to tax year 2024. The 2024 suit was severed from the 2021 Lawsuit and the Clerk of the Court was directed to assign those claims a new cause number. The Summary Judgment and the order granting the Amezquita PTJ become final effective

---

[6]    *See* <u>Exhibit 2</u> – Judge's Notes from November 26, 2024 hearing.
[7]    *See,* <u>Exhibit 3</u> *Amended Order Granting The District's Motion for Summary Judgment*
[8]    *See,* <u>Exhibit 4</u> *Order Granting Motion To Sever*

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **7**

April 7, 2025. Tex. R. Civ. P. 306a; *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex. 1994).

14.    As of the date hereof, Cantu has not appealed the final Summary Judgment on all of his claims or the order granting the Amezquita PTJ.

**B.    The Factual Allegations in the Case at Bar**

15.    The Amended Complaint, like the Consolidated Lawsuit, alleges that the Property has not been valued in accordance with Chapter 23 of the Texas Tax Code for the 2019 through 2024[9].  Cantu contends that the allegedly improper valuation was in retaliation for Cantu having "exposed the corruption of the Chief Appraiser Michael Amezquita". Amended Complaint pg. 6.

16.    In this current iteration of Cantu's complaints, he alleges that the actions of Amezquita and Sandoval, as the former and current Chief Appraiser for the District, Luttrell and Davidson, as counsel for the District, and the Hon. Norma Gonzales, as the jurist who adjudicated the claims asserted by Cantu in the Consolidated Lawsuit, all conspired against Cantu and violated 18 U.S.C. §241 in the process.  Cantu appears to ask this Court to declare that the Summary Judgment was entered illegally, to impose unspecified monetary penalties on each of the Defendants, incarcerate each of the Defendants, and award him attorney's fees[10].

---

[9]    A Motion for Summary Judgment on the 2024 Tax year is presently pending in the severed case, Cause No. 2025-CI-05334

[10]    Cantu both seeks recovery of attorneys' fees and contends that he is a "pro se" plaintiff entitled to the deference afforded pro se litigants in both the State and Federal judicial systems. Amezquita, Sandoval, Luttrell and Davidson each preserve their rights to seek sanctions against Cantu under Rule 11(c) Fed. R. Civ. P. and have issued a Rule 11 demand to Cantu.

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **8**

### III. <u>STANDARD FOR REVIEW</u>

**A.    Rule 12(b)(1) Standard**

17.    A district court may dismiss a case under Rule 12(b)(1) based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quotations omitted).  "The burden of proving subject matter jurisdiction lies with the party asserting jurisdiction, and it must be proved by a preponderance of the evidence. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

18.    "Generally, when a party files a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) in conjunction with a motion to dismiss under Rule 12(b)(6), the jurisdictional challenge is addressed first." *Fort Bend County v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 188 (5th Cir. 2023). "When the issue of jurisdiction is intertwined with the merits, however, the court "must assume jurisdiction and proceed to the merits" of the plaintiff's claims under Rule 12(b)(6). *Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1030 (5th Cir. 2022). The Fifth Circuit applies the following three factor test to determine whether the jurisdictional and merits analyses are intertwined:

a.  is the court's subject matter jurisdiction derived from the same statute as the cause of action;

b.  can the jurisdictional issue be extricated from the merits and tried separately; and

---

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **9**

c.  does judicial economy favor early resolution of the issue.

*Id.* at 1030 – 1031 (*citing S. Recycling, L.L.C. v. Aguilar (In re S. Recycling, L.L.C.)*, 982 F.3d 374, 379-82 (5th Cir. 2020)).

19.     In the case at bar, the jurisdictional and merits questions are inextricably intertwined warranting an analysis of the Amended Complaint under the 12(b)(6) standards.  This analysis, as explained herein reveals that there is not a plausible or justiciable claim asserted by Cantu in the Amended Complaint against any of the Defendants and the Amended Complaint should be dismissed with prejudice.  Further, Cantu, as a licensed lawyer who continues to refer to himself as a "Judge" "Senior Appellate Judge" and "Retired Justice" should be held to the highest pleading standards and the strict terms of Rule 11(b) Fed. R. Civ. P. or suffer the consequences of Rule 11(c).

### B.    Rule 12(b)(6) Standard

20.     In the Fifth Circuit, when considering a motion to dismiss for failure to state a claim, the court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff."  *Thompson v. City of Waco, Texas*, 764 F.3d 500, 502–03 (5th Cir. 2014) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "To survive dismissal, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 570 (holding complaint must allege enough facts to move the claim "across the line from conceivable to plausible").

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **10**

21.     The determination of whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679; *see also Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (*en banc*) ("Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.").  Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are "viewed with disfavor and [are] rarely granted*."  Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (*citing Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)).

22.     In the case at bar, there is simply no possible reading of the Amended Complaint that results in a determination that the Amended Complaint meets the *Twombly* or the *Iqbal* standards.  Accordingly, the Amended Complaint should be dismissed with prejudice.

### IV. <u>THIS COURT LACKS SUBJECT MATTER JURISDICTION</u>

**A. THE ROOKER-FELDMAN DOCTRINE PRECLUDES CANTU FROM ASSERTING ANY CLAIMS AGAINST AMEZQUITA, SANDOVAL OR THE DISTRICT**

23.     The exercise of jurisdiction by this Court to hear or determine any of the claims asserted by Cantu against Amezquita, Sandoval and the District that arise out of or are related to the determination and assessment of the value of the Property for tax years 2019 through 2023 would violate the *Rooker-Feldman Doctrine*[11].  "'Reduced to its essence, the *Rooker-Feldman* Doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress."

---

[11]  The doctrine takes its name from two United States Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **11**

*Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (*quoting Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)).   The *Rooker-Feldman Doctrine* applies and thus deprives a federal court of subject matter jurisdiction when each of the following four conditions are present: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal court suit requests review and reversal of the state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 152 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).   "In addition to the precise claims presented to the state court, *Rooker-Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with the state court decision." *Feldman*, 460 U.S. at 486-87.   The Fifth Circuit has further refined the *Rooker-Feldman Doctrine* to require that the state court judgment be a final judgment.  *Ill. Cent. R.R. Co. v. Guy,* 682 F.3d 381, 390 (5th Cir. 2012).

24.      In each of the 2020 Lawsuit, the 2021 Lawsuit, and the 2022 Lawsuit, Cantu sued the District and Amezquita (the prior Chief Appraiser) and made numerous allegations alleging that the valuation of the Property by Amezquita was "retaliate[ion] against Cantu for exercising his free speech rights" resulting in an unlawful appraisal of the Property. Further, he contended that Amezquita's acts were "intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff Cantu's rights secured by the United States Constitution and numerous other Federal and State Statutes. Defendant Amezquita's continuing acts of retaliation through conspiratorial acts are intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff Cantu's Constitutional right and in violation of his oath under the Texas Tax

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                            Page **12**

Statutory guarantees."  Cantu went further to contend that Amezquita used his office and employees to manipulate Appraisal District records to punish Cantu for exercising his free speech and criticizing government officials. Cantu also contended  that Amezquita violated various provisions of the Texas Penal Code.  The allegations of Cantu against Amezquita, as noted above, were successfully challenged by the filing of the Amezquita PTJ.  The consolidation of the 2020, 2022 and 2023 Lawsuits into the 2021 Lawsuit made the Amezquita PTJ applicable to each of the previously separate lawsuits filed by Cantu. The dismissal of the claims against Amezquita through the Amezquita PTJ became non-appealable on April 7, 2025, the 30th  calendar day following the entry of the Severance Order.

25.    The claims asserted by Cantu against Amezquita (former Chief Appraiser), Sandoval (current Chief Appraiser) and the District related to tax years 2019 through 2023 are clearly barred by the *Rooker-Feldman Doctrine* because (1) Cantu lost his claims against the District and Amezquita in the state court lawsuit; (2) Cantu alleges that the grant of summary judgment in favor of the District and the final disposition of the claims against Amezquita was an illegal act; (3) the final disposition of the Consolidated Lawsuit occurred prior to the filing of this lawsuit; and (4) Cantu appears to request that this Court declare that the disposition of the Consolidated Lawsuit was illegal. Accordingly, the *Rooker-Feldman Doctrine* requires that the Court dismiss all of the claims asserted by Cantu against Amezquita, Sandoval and the District related to tax years 2019 through 2023.

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **13**

### B.    QUALIFIED IMMUNITY FOR EACH OF AMEZQUITA, SANDOVAL, LUTTRELL AND DAVIDSON

#### i.    Amezquita and Sandoval have governmental and official immunity

26.    Neither Amezquita nor Sandoval can be liable to Cantu for the acts complained of because they are immune from liability under the doctrine of official immunity. Specifically, Amezquita and Sandoval as the former and current Chief Appraiser of Bexar Appraisal District, are government officials or employees. *See Telthorster v. Tennell*, 92 S.W.3d 457, 461 (Tex. 2002). Official immunity applies to any government employee, regardless of whether the employee is an executive official or a lower-level employee. *Kassen v. Hatley*, 887 S.W. 2d 4, 12 n.8 (Tex. 1994), overruled on other grounds, *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011).

27.    The actions Amezquita and Sandoval allegedly performed were discretionary and not ministerial. *See Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 425 (Tex. 2004). An act is discretionary if it involves personal deliberation, decision and judgment. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994). In deciding whether an official's conduct is discretionary, the focus is on whether he was performing a discretionary function, not on whether he had discretion to do a wrongful act while performing that function. *Id.* at 654. Ministerial acts are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 579, 587 (Tex.2015). Discretionary acts on the other hand require the exercise of judgment and personal deliberation. *Id.*

28.    The actions of a chief appraiser in determining a home's value for the District's appraisal records is, unquestionably, a discretionary duty. *See, e.g., Townsend*

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **14**

*v. Montgomery Cent. Appraisal Dist.*, No. 09-10-00394-CV, 2011 WL 3207955 (Tex. App.
– Beaumont 2011, no pet.) (mem. op.) (holding that **chief appraiser's duties in
assessing a home's market value were discretionary in nature**); *Cameron County
Appraisal Dist. v. Rourk*, No. 13–15–00026–CV, 2016 WL 380309 (Tex. App. – Corpus
Christi-Edinburg 2016, pet. denied) (concluding that **chief appraiser's application of the
tax code's exemptions requires discretion**); *see also, Ballantyne*, 144 S.W.3d at 425-
26 (the act of individual members of a city's board of adjustment in revoking a building
permit was discretionary). Passing judgment on Amezquita's exercise of discretion would
amount to passing judgment on the conduct of a coordinate subdivision of the state—the
Bexar Appraisal District—as a whole. *Kassen*, 887 S.W.2d at 11.

29.     Amezquita and Sandoval also acted in good faith at all times during the
exercise of their discretionary authority regarding the operation of the District including
the actions Cantu alleges. *See Martinez v. Harris Cty.,* 526 S.W.3d 557, 562 (Tex. App.
– Houston [1st Dist.] 2017, no pet.). Their good faith is determined by analyzing whether
a reasonably prudent official under the same or similar circumstances could have
believed that the official action was justified based on the information he possessed when
the conduct occurred. *Ballantyne*, 144 S.W.3d at 426. Amezquita and Sandoval need only
prove that a reasonably prudent official under similar circumstances might have reached
the same decision. *Id.* Negligence standards are inapplicable; the test for good faith is not
centered around what a reasonable person would have done, but rather, what a
reasonable official could have believed. *Id.* Thus even illegal or unauthorized conduct will
not necessarily defeat good faith but is merely one of the factors to be considered in

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **15**

determining good faith. *Texas State Tech. Coll. v. Cressman*, 172 S.W.3d 61, 66-67 (Tex. App. – Waco 2005, pet. denied).

30.     Based on the foregoing Amezquita and Sandoval have governmental and official immunity from the instant suit, and all claims against them should be dismissed.

### ii.     Luttrell and Davidson are immune from the claims asserted by Cantu

31.     "Texas common law is well settled that an attorney does not owe a professional duty of care to third parties who are damaged by the attorney's negligent representation of a client. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 – 82 (Tex. 2015) (*citing Barcelo v. Elliott*, 923 S.W.2d 575, 577 (Tex. 1996)). In Texas, attorneys are protected from liability to non-clients because "attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Byrd*, 467 S.W.3d at 482 (*citing Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex. Civ. App. 1910, writ ref'd)). Texas courts have adopted the attorney-immunity defense to ensure "loyal, faithful, and aggressive representation by attorneys employed as advocates." *Byrd*, 467 S.W.3d at 482 (*citing Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.—Dallas 2000, pet. denied)). The general rule in Texas is that "attorneys are immune from civil liability to non-clients ""for actions taken in connection with representing a client in litigation."" *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App. — Houston [1st Dist.] 2005, pet. denied); *see also Toles v. Toles*, 113 S.W.3d 899, 910 (Tex. App.—Dallas 2003, no pet.); *Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 287-88 (Tex. App.— Fort Worth 1997, pet. denied). Courts have concluded that even conduct which is "wrongful in the context of the underlying suit" is _not actionable_ if it is "part of the discharge of the lawyer's duties in

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **16**

representing his or her client." *Toles*, 113 S.W.3d at 910-11; *Alpert*, 178 S.W.3d at 406;

*see also Dixon Fin. Servs., Ltd. v. Greenberg, Peden, Siegmyer & Oshman, P.C.*, No. 01-

06-00696-CV, 2008, 2008 WL 746548, at *7 (Tex. App.—Houston [1st Dist.] March 20,

2008, pet. denied) (mem. op. on reh'g) ("[A]n attorney cannot be held liable to a third party

for conduct that requires the office, professional training, skill, and authority of an

attorney.") (internal citations omitted).

32.    The Amended Complaint, to the extent that salient facts are determinable,

indicates that the actions complained of by Cantu related to the conduct of Luttrell and

Davidson arose exclusively out their representation of the District and Amezquita in the

Consolidated Lawsuit[12].

## C.    NO PRIVATE RIGHT OF ACTION UNDER 18 U.S.C. §241

33.    Each of the "Causes of Action" alleged by Cantu set forth that the violation

complained of arises under 18 U.S.C. §241.[13]   In dismissing an individual's claims arising

under 18 U.S.C. §241, the Fifth Circuit has confirmed that  18 U.S.C. §241 is a criminal

statute that does not provide for a private right of action.  *Chaney v. Races & Aces*, 590

Fed. Appx. 327, 330 (5th Cir. 2014) (unpublished opinion) (*citing Ali v. Shabazz*, 8 F.3d

22 (5th Cir. 1993)).

34.    The issue of the standing of private individual to bring an action under 18

U.S.C. §241 was most recently considered by the District Court in Dallas in *Thomas v.*

*Dallas . Housing Authority*.  In *Thomas*  the court reasoned as follows:

---

[12]   Because of the absence of paragraph and page numbering by Cantu in the Amended Complaint, the references for the Court's convenience are limited to the PACER identified page numbers.  *See* Amended Complaint Pgs. 7 – 9.
[13]   Amended Complaint Pgs. 6, 52, 111 - 113, 160 – 161, 178, 183, and  212.

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                    Page **17**

"To the extent that Thomas alleges criminal law violations in this Court under 18 U.S.C. §§ 241 and 242, _her request lacks any legal basis_. _Criminal statutes do not create a private right of action_.  For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." _Cort v. Ash_, 422 U.S. 66, 79, 95 S. Ct. 2080, 45 L. Ed. 2d 26 (1975), _overruled in part by Touche Ross & Co. v. Redington_, 442 U.S. 560, 99 S. Ct. 2479, 61 L. Ed. 2d 82 (1979); _see Suter v. Artist M._, 503 U.S. 347, 363, 112S. Ct. 1360, 118 L. Ed. 2d 1 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).

_Thomas_, 2024 WL 4729764, at *2.

35.    In _Thomas_, the court considered pleadings that were likely not dissimilar to those filed by Cantu and found that "Thomas has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, **as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute**." _Id._ (emphasis added).

36.    The Western District of Texas citing a multitude of case has likewise confirmed that there is no private right of action under 18 U.S.C. §241 and claims brought by individuals under that statute must be dismissed.  _Pompura v. Paxton_, 2016 U.S. Dist. LEXIS 196960 at *6 (W.D. Tex. Sept. 30, 2016) (_citing Cok v. Cosentino_, 876 F.2d 1, 2 (1st Cir. 1989) (no private cause of action under 18 U.S.C. § 241); _Risley v. Hawk_, 918 F. Supp. 18, 21 (D.D.C. 1996) (no private cause of action under 18 U.S.C. § 241); _Dugar v. Coughlin_, 613 F.Supp. 849, 852 (S.D.N.Y. 1985) (no private cause of action under sections 241); _see also Mackey v. Astrue_, No. 6:10-CV-105-BG, 2011 WL 3703273, at *2 (N.D. Tex. Aug. 8, 2011), report and recommendation adopted by 2011 WL 3701435 (Aug. 23, 2011), aff'd 486 F. App'x 421 (5th Cir. 2021).

No. 5:25-cv-00179
_Cantu v. Gonzales, et al_
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                         Page **18**

37.    Cantu has no standing to bring any of the claims asserted in the Amended Complaint as they contend that the actions allegedly perpetrated by the Defendants are actionable under 18 U.S.C. §241. Accordingly, the Amended Complaint should be dismissed with prejudice.

## V. CANTU HAS FAILED TO STATE A CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED

38.    As set out above, there is simply no reading of the Amended Complaint that results in a determination that the Amended Complaint meets the *Twombly* or the *Iqbal* standards.  Accordingly, the Amended Complaint should be dismissed with prejudice. Further because the only "violation" alleged anywhere by Cantu in the Amended Complaint is founded on 18 U.S.C. §241, the Amended Complaint must be dismissed with prejudice to the refiling of the same.

## VI. RESERVATION OF RIGHT TO SEEK SANCTIONS

39.    Because Cantu is a former Judge, Justice on the Fourth Court of Appeals, and an actively licensed lawyer in the State of Texas who has plead for the recovery of attorneys' fees in this proceeding, each of Amezquita, Sandoval, Luttrell and Davidson reserve the right to have a hearing conducted to determine whether the filings by Cantu violate Rule 11 Fed. R. Civ. Pro. to such an extent as to warrant the imposition of sanctions under Rule 11(c).

## PRAYER

WHEREFORE, PREMISES CONSIDERED Defendants, Bexar Appraisal District, Amezquita, Sandoval, Luttrell and Davidson respectfully request that the Court grant *Their Motion To Dismiss Under Federal Rules Civil Procedure 12(b)(1) and (6)*, together

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                                      Page **19**

with such other and further relief at law or in equity, to which they may be justly entitled including preserving their opportunity to seek sanctions against Cantu pursuant to Fed. R. Civ. P. 11.

Respectfully submitted,

Luttrell + Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
T. 210.426.3600

By: /s/ Morris E. "Trey" White, III
        Morris E. "Trey" White, III
        State Bar No. 24003162
        Of Counsel
        twhite@lclawgroup.net

**ATTORNEYS FOR DEFENDANTS, BEXAR APPRAISAL DISTRICT, MICHAEL AMEZQUITA, ROGELIO SANDOVAL, LESLIE M. LUTTRELL and ELIZABETH "CONRY" DAVIDSON**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above and foregoing document was served on the following by electronic service the 8th day of April, 2025.

Antonio G. Cantu                        ***via email judgeacantu@hotmail.com***
106 Dogwood Ln.
San Antonio, Texas 78213

<u>/s/ Morris E. "Trey" White, III</u>
Morris E. "Trey" White, III

No. 5:25-cv-00179
*Cantu v. Gonzales, et al*
Motion to Dismiss Pursuant to Rule 12(b)(1) and (6)                    Page **20**