**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANTONIO G. CANTU, *Plaintiff* | § | |
| -vs- | § | SA-25-CV-000197-XR |
| NORMA GONZALES, MICHAEL AMEZQUITA, BEXAR COUNTY APPRAISAL DISTRICT, LESLIE M. LUTTRELL, ELIZABETH C. DAVIDSON, ROGELIO SANDOVAL, *Defendants* | § | |

**ORDER**

On this date, the Court considered Defendants' motions to dismiss (ECF Nos. 7, 13, 20), Plaintiff's responses (ECF Nos. 10, 16, 17, 24), and Defendant Judge Norma Gonzales's reply (ECF No. 11). In addition, the Court considered Plaintiff's motion to disqualify Ken Paxton (ECF No. 12), Plaintiff's motion to add defendants (ECF No. 27), and Plaintiff's motions for rulings (ECF No. 29 and 32). After careful consideration, the Court issues the following order.

**BACKGROUND**

**I. Facts**

This case arises from a dispute between *pro se* Plaintiff Antonio G. Cantu and the Bexar County Appraisal District (BCAD) over the correct appraisal value for Plaintiff's home. ECF No. 5 at 5.[1] Plaintiff contends that the BCAD improperly increased the ad valorem tax valuation of his

[1] The Court draws the facts from Plaintiff's amended complaint, ECF No. 5, as well as Plaintiff's later-filed complaint, ECF No. 19. The Court takes judicial notice of documents attached to Plaintiff's complaints, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011), as well as court filings attached to Defendants' motions to dismiss, *Stiel v. Heritage Numismatic Auctions, Inc.*, 614 F. App'x 888, 892 (5th Cir. 2020) (a court may "take judicial notice of the public records in . . . prior state court proceedings" (citation omitted)).

The Court refers to Defendants as Judge Gonzales and the remaining Defendants—Michael Amezquita (former Bexar County Chief Appraiser), BCAD, Leslie M. Luttrell (retained counsel for BCDA in the underlying state court litigation), Elizabeth C. Davidson (same), and Rogelio Sandoval (current Chief Appraiser)—either individually, or together as the Bexar County Defendants.

property in 2019 in violation of Texas Tax Code Chapter 23, subchapter A, Sec. 23.01(e), and that after he contested it and "exposed the corruption [of] the Chief Appraiser [Defendant] Michael Amezquita," he was retaliated against, which led to continued increases in his property's tax valuation for the tax years 2020 to 2023. *Id.* at 5–6.

Plaintiff, however, has already litigated the 2019–2023 appraisal values for his property in Texas state court. Between November 2020 and October 2023, Plaintiff filed four lawsuits against BCAD challenging the appraisal values for these years, which were later consolidated into Cause No. 2021-CI-22041. *Id.* at 18–19.[2] In November 2024, BCAD moved for summary judgment on the grounds that the challenge to the appraisal value in 2019 was time-barred by Texas Tax Code Sections 41.41 and 42.01(a)(1)(A) and that the appraisal values for 2020-2023 were accurate. *Id.* at 14–31. Plaintiff later filed an amended petition which added claims arising from tax year 2024, ECF No. 13 at 12, but BCAD did not amend its summary judgment motion in response, *id.*

On January 28, 2025, Judge Gonzales of the 288th Judicial District granted BCAD's motion for summary judgment on both grounds. *Id.* at 69–70; *see also* ECF No. 13-3 at 2–3 (amended summary judgment order).[3] BCAD then moved to sever Plaintiff's challenge to the appraisal value for 2024, given Judge Gonzales did not rule on it. *See supra* note 3. This was granted on March 7, 2025 by Judge Angelica Jimenez, and assigned a new cause number. *See* ECF

[2] Plaintiff also sued Defendant Amezquita in three of these suits. ECF No. 13 at 11. After Amezquita's motion to dismiss the suit challenging the 2021 appraisal was granted in March 2022, ECF No. 13-1, and after Plaintiff's appeal was dismissed by the Fourth Court of Appeals as premature, Plaintiff's then-counsel Floyd Contreras agreed to the consolidation of the lawsuits, removed all allegations relating to Amezquita's conduct, and filed an amended petition in September 2024 which included combined challenges to the valuation of Plaintiff's property for the tax years 2019 through 2023. ECF No. 13 at 11–12.

[3] The amended summary judgment order stated that "[Plaintiff] Cantu [shall] take nothing on each of the claims asserted related to tax years 2019 through 2023," ECF No. 13-3 at 3 compared to the initial summary judgment order that stated, "Cantu [shall] take nothing on each of the claims asserted," ECF No. 5 at 70. As best the Court can tell, this change was due Plaintiff's claim arising from tax year 2024, which was not before Judge Gonzales on BCAD's motion for summary judgment. *See supra* note 2. Further, while the amended summary judgment order was dated February 7, 2025, it was entered by the Bexar County Clerk on February 3, 2025. *See* ECF No. 13-3 at 2–3. This discrepancy makes no difference here.

No. 13-4 at 2–3. In this severance order, Judge Jimenez ordered that Judge Gonzales's amended order is "final." *Id.* at 2.

Plaintiff did not appeal Judge Gonzales's amended order, which became final on April 7, 2025. ECF No. 13 at 13–14 (citing Tex. R. Civ. P. 306a and *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex. 1994)); TEX. R. APP. P. 26.1(a).[4]

## II. Procedural History

Plaintiff believes he was "subjected to fraudulent illegal hearings involving the market value of his homestead." *Id.* at 5. On February 24, 2025—after Judge Gonzales issued the order on BCAD's motion for summary judgment in state court but before the judgment was final—Plaintiff filed this action. ECF No. 1. On March 11, 2025, he filed an amended complaint. ECF No. 5.

Plaintiff appears to assert three claims in his amended complaint. The basis of his first claim is unclear. As best the Court can understand, he alleges that Judge Gonzales improperly granted summary judgment for BCAD by ignoring the "Continuous Violation Doctrine," which Plaintiff contends is a federal law that overrides the statute of limitations used to bar his challenge to the 2019 appraisal value of his home in state court. ECF No. 5 at 33.[5]

Plaintiff's second and third claims allege that the Bexar County Defendants Amezquita and Luttrell violated 18 U.S.C. § 241, which is a criminal statute that prohibits conspiracies to injure, oppress, threaten, or intimidate anyone in the free exercise and enjoyment of their rights guaranteed

---

[4] With respect to Plaintiff's challenge to his 2024 appraisal value, it is unclear whether the state court proceedings have resulted in a final judgment. While Plaintiff attached an order dated May 5, 2025 that granted BCDA's motion for summary judgment on the 2024 appraisal claims, ECF No. 23 at 12–13, the Court is unaware if Plaintiff has appealed this decision or taken any post-judgment action.

[5] To the extent Plaintiff challenges the tax assessment itself, this would be barred by the Tax Injunction Act, 28 U.S.C. § 1341. *See Hutchings v. Cnty. Of Llano*, No. 20-50885, 2022 WL 3716483, at *1 (5th Cir. Aug. 29, 2022).

to them by the Constitution. *Id.* at 111–13, 160–61.[6] Plaintiff also hints at First Amendment retaliation, and points to what he believes is harassment in the form of threats to sue Plaintiff for libel and unnecessary depositions. On these claims, he seeks money damages by "fines" or imprisonment. *Id.* at 113.

Defendant Judge Gonzales moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 7. So did the Bexar County Defendants. ECF No. 13.

On April 21, 2025, Plaintiff filed another complaint, without leave of court, under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights under the First and Fourteenth Amendments. ECF No. 19 at 1–2. Plaintiff did not style this as an amended complaint.[7]

In response, the Bexar County Defendants filed another motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). ECF No. 20. Judge Gonzales did not file another motion to dismiss, although her original motion pre-emptively addressed potential claims based on Section 1983. ECF No. 7 at 6–7.

Plaintiff has also filed various notices and advisories to the Court, as well as a motion to disqualify Ken Paxton and Scot M. Graydon, Assistant Attorney General of Texas, from representing Judge Gonzales (ECF No. 12), a motion for leave to add additional defendants, namely the Chief Records Clerk for the BCAD and the Bexar County Tax Assessor-Collector

[6] It is unclear what claims Plaintiff asserts against Defendants BCAD, Sandoval, or Davidson. The Court assumes Plaintiff asserts his second and third claims against all Bexar County Defendants, given that the Bexar County Defendants all moved to dismiss without differentiating.

[7] It is very unclear what Plaintiff is attempting to do. It may be that he thinks he has filed two lawsuits—a claim under 18 U.S.C. § 241 as alleged in ECF No. 5 (amended complaint) and a separate lawsuit alleging a violation of 42 U.S.C. § 1983 as alleged in ECF No. 19 (complaint). The Court treats this as a fourth claim under Section 1983 against all Defendants. *See id.* at 1 (stating that "[t]his action seeks money damages because *all parties* are members of the [BCAD] and have wrongfully participated in the deprivation of Plaintiff's attempt to set a legal assessment on his home since 2019").

(ECF No. 27), and motions for rulings on his motion to disqualify (ECF No. 29) and "various motions filed by Plaintiff" (ECF No. 32). These matters are all ripe for resolution.

## DISCUSSION

## I. Legal Standard

### A. Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

Dismissal is proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a motion under Rule 12(b)(1), the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

### B. Rule 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross &*

*Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## II. Analysis

Defendants move to dismiss Plaintiff's complaint(s) on a host of grounds, some of which overlap. Judge Gonzales argues that: (1) Plaintiff lacks standing; (2) the Eleventh Amendment bars Plaintiff's official capacity claims; (3) Plaintiff's claims for damages are barred by state-law judicial immunity; and (4) *Rooker-Feldman* (or alternatively, *Younger* abstention) bars his claims,[8] and (5) that Plaintiff fails to state a claim (including that he lacks a private right of action under the Supremacy Clause or Section 241). ECF No. 7 at 2. The Bexar County Defendants argue for dismissal under (1) *Rooker-Feldman* along with (2) various state-law governmental immunities,

[8] Judge Gonzales raised *Younger* given the ambiguity over whether Plaintiff's state-court proceedings were concluded, or were ongoing. *See* ECF No. 7 at 8–9. While Plaintiff pled that, at the time of filing, that the "District Clerk's office informed [him] that the [state action] had been terminated by the entry of the Summary Judgment," ECF No. 5 at 10, this is incorrect. Plaintiff's state court action was not yet concluded when he filed this case. Accordingly, *Rooker-Feldman* is inapplicable. *See Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) (holding that *Rooker-Feldman* "is inapplicable where a state appeal is pending when the federal suit is filed" and that the district court "did not lose jurisdiction *after* the Texas Supreme Court denied [plaintiff's] petitions"); *see also Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court"; instead, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law," which is "not a jurisdictional matter").

(3) qualified immunity, and (4) that Plaintiff fails to state a claim upon which relief can be granted (including, again, the lack of a private right of action under Section 241). ECF No. 13 at 17–25.[9]

The Court begins with jurisdictional arguments, before turning to state-law immunities and merits-based defenses. *See Anthology, Inc. v. Tarrant Cnty. College Dist.*, 136 F.4th 549, 553 (5th Cir. 2025) (reversible error to address merits-based state-law immunity defenses before assessing a court's jurisdiction).[10] These jurisdictional arguments are facial; the Court does not resolve any disputed issues of fact. *See Williamson*, 645 F.2d at 412.

### A. Plaintiff Lacks Standing to Assert any Claim Against Judge Gonzales Seeking to Set Aside the State Court Judgment or Enforce Criminal Penalties

Plaintiff's claim against Judge Gonzales, while styled as a claim against Judge Gonzales, is instead an appeal of Judge Gonzales's summary judgment order and an improper request for the enforcement of criminal statutes against her. Plaintiff concedes he does not seek declaratory or injunctive relief against Judge Gonzales, nor does he seek money damages. ECF No. 10 at 14. Instead, he only seeks to "set aside the illegal" summary judgment order and requests that the

---

[9] While the BCAD argues it is entitled to Eleventh Amendment sovereign immunity because it "is a subdivision of the State of Texas," ECF No. 20 at 13, this argument is misplaced, as "the Eleventh Amendment does not extend its immunity to units of local government." *Sissom v. Univ. of Texas High Sch.*, 927 F.3d 343, 347 (5th Cir. 2019) (quoting *Bd. of Trs. Of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 369 (2001)).

[10] *Compare Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006) (standing is jurisdictional); *Anthology*, 136 F.4th at 553 (state sovereign immunity which provides *federal-law* immunity is jurisdictional); *Land and Bay Gauging, L.L.C. v. Shor*, 623 F. App'x 674, 678 (5th Cir. 2015) (the applicability of *Rooker-Feldman* is jurisdictional); *with Anthology*, 136 F.4th at 553 (holding that "state-created immunities [such as *Texas' state-law* sovereign or governmental immunity from suit] do not and cannot limit the jurisdiction of federal courts," and so "must be treated as non-jurisdictional, merits-based defenses"); *Bowling v. McCraw*, No. 4:18-CV-610-ALM, CAN, 2019 WL 2517834, at *9 (judicial immunity is properly analyzed under Rule 12(b)(6)), *report and recommendation adopted*, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019); *Davis v. Bayless*, 70 F.3d 367, *Ambrister v. McFarland*, No. 3:18-CV-1211-B-BH, 2018 WL 6004310, at *4 n.4 (N.D. Tex. Oct. 30, 2018) (Ramirez, J.) (arguments that there is no private right of action to assert violations of criminal statutes is "appropriately addressed under Rule 12(b)(6)"), *report and recommendation adopted*, 2018 WL 5994992 (N.D. Tex. Nov. 15, 2018).

Court "enter proper punishment." *Id.*; *see also* ECF No. 10 at 14 (alleging that Judge Gonzales obstructed justice under 18 U.S.C. § 1503).

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing requires a plaintiff to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely . . . be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests," and "[t]he requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003).

Here, there is no "actual controvers[y] arising between adverse litigants." *Jones v. Walker Cnty. Sheriff Dep't*, No. 4:22-CV-2686, 2023 WL 4163047, at *4 (S.D. Tex. Apr. 27, 2023), *report and recommendation adopted*, No. 4:22-CV-2686, 2023 WL 4157632 (S.D. Tex. June 23, 2023). Plaintiff's claim is premised on Judge Gonzales's resolution of BCAD's summary judgment motion; the bread and butter of her adjudicatory capacity.

Moreover, while Plaintiff's purported injury is the summary judgment decision issued by Judge Gonzales, he does not seek any relief that would require Judge Gonzales to *do anything* to redress this injury. So he lacks standing with respect to his claim seeking to "set aside" the order. And even if Plaintiff did seek declaratory or injunctive relief against Judge Gonzales in the form of her vacating the summary judgment order, Plaintiff cannot "obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial

officers in performance of their duties." *LaBranche v. Becnel*, 559 F. App'x 290, 291 (5th Cir. 2014).

Finally, Plaintiff, as a private citizen who is "neither prosecuted nor threatened with prosecution," lacks standing to "contest the policies of the prosecuting authority." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating that "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). So, to the extent Plaintiff seeks to prosecute Judge Gonzales for violating 18 U.S.C. § 1503 or have this Court impose any penalties stemming from criminal statutes, the Court lacks subject-matter jurisdiction over this claim.[11]

***

Further, while not raised by the parties, the Court observes that Plaintiff appears to assert a federal question based on the "continuous violation" doctrine. But this is not an independent federal claim. Rather, it is an exception to the general federal accrual rule. *See Perez v. Laredo Junior Coll.*, 706 F.2d 731, 733–34 (5th Cir. 1983). If this is the basis for Plaintiff's claim, the Court lacks jurisdiction as there is no federal question under 28 U.S.C. § 1331. And Judge Gonzales's other theories for dismissal are valid as well.[12]

Accordingly, Plaintiff's first claim against Judge Gonzales is **DISMISSED WITHOUT PREJUDICE**.

---

[11] To the extent Plaintiff seeks to assert a civil claim against Judge Gonzales under Section 1503, this fails because Section 1503 is a criminal statute that does not provide a private right of action. *See Hanna v. Home Ins. Co.,* 281 F.2d 298, 303 (5th Cir. 1960) (holding that various sections of Title 18 U.S.C., including Section 1503, are "criminal in nature and provide no civil remedies").

[12] It is unclear whether Plaintiff sues Judge Gonzales in her official or individual capacity. Judge Gonzales has sovereign immunity in her official capacity as a judge of the 288th District Court of Texas. *See Bowling*, 2019 WL 2517834, at *5. Alternatively, any claims against Judge Gonzales seeking damages in her individual capacity would be barred by judicial immunity, as all of Judge Gonzales' conduct was taken in her judicial capacity and there is no indication it was in complete absence of all jurisdiction. *See Davis v. Tarrant Cnty.*, 565 F.3d 214, 221–22 (5th Cir. 2009).

### B. Plaintiff Lacks Standing to Assert Section 241 Claims against Bexar County Defendants

Plaintiff alleges that the Bexar County Defendants violated 18 U.S.C. § 241. As explained above, to the extent Plaintiff seeks to initiate criminal prosecutions, he lacks standing to do so. *See* ECF No. 5 at 113 (requesting that "the court impose punishments against each [Defendant] under the conspiracy against rights statute").

Accordingly, Plaintiff's second and third claims for relief also fail to state a claim on which relief can be granted and are **DISMISSED WITHOUT PREJUDICE.**[13]

### C. Plaintiff's Claims against the Bexar County Defendants Under Section 1983

While somewhat unclear, Plaintiff appears to contend that the Bexar County Defendants violated his First and Fourteenth Amendments rights by engaging in a conspiracy to retaliate against him for contesting the appraisal values. *See generally* ECF No. 19. On this claim, he seeks money damages. *Id.* at 105.[14] But Plaintiff's new 107-page complaint (his amended complaint is 267 pages) does not add anything new that relates to any purported retaliation, rather than rehashing his continued dispute over BCAD's valuation of his property. *See* ECF No. 24 at 9 (not

[13] Alternatively, to the extent Plaintiff seeks to assert a civil claim under Section 241, this fails because Section 241 is a criminal statute which lacks a private right of action. *Ali v. Shabazz*, 8 F.3d 22, at *1 (5th Cir. 1993); *Chaney v. Races and Aces*, 590 F. App'x 327, 330 (5th Cir. 2014).

[14] While Plaintiff also appears to assert a claim against Judge Gonzales under Section 1983 and seeks damages, *but see* ECF No. 10 at 14 (rejecting any claimed relief against Judge Gonzales aside from criminal penalties), he does not assert a single new allegation in support of his claims against Judge Gonzales, nor does not explain what new allegations support this theory. The only allegations regarding Judge Gonzales in the most-recent complaint are that she that "illegally ruled in favor of Sandoval and the [BCAD]" and was "convinced" to accept the advice of Defendant Luttrell in ruling on the motion. ECF No. 19 at 80. This is besides the point; Judge Gonzales is entitled to sovereign (if sued in her official capacity) and judicial immunity (for damages) on the Section 1983 claim. *See supra* note 11. *See Hudnall v. Texas*, No. EP-22-CV-36-KC-RFC, 2022 WL 3219423, at *8 (W.D. Tex. Aug. 9, 2022) (presuming standing in suit against state court judge seeking money damages and reaching sovereign and judicial immunity), *report and recommendation adopted*, 2022 WL 4077334 (W.D. Tex. Aug. 30, 2022)

pointing to any acts of retaliation in response to argument that the new complaint "asserts no new factual allegations"). The Court takes each Defendant in turn.

**1. Plaintiff Fails to Plead an Official Policy to State a Claim Against BCAD**

BCAD argues it is entitled to dismissal of Plaintiff's Section 1983 claim because it is a subdivision of the state and is immune from liability under the Eleventh Amendment. *See* ECF No. 20 at 11–13. This is wrong. *See supra* note 8. Alternatively, BCAD argues Plaintiff fails to state a claim against BCAD. The Court agrees.

"Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). BCAD is a political subdivision of the state and so is amenable to suit under Section 1983. *See* Tex. Tax Code Ann. § 6.01(c) ("An appraisal district is a political subdivision of the state."); *Appling Cnty. v. Mun. Elec. Auth. of Georgia*, 621 F.2d 1301, 1308 (5th Cir. 1980) ("The Supreme Court's holding in *Monell* is that by enacting 42 U.S.C. § 1983, Congress intended to make municipalities and other political subdivisions amenable to suits brought under that section.").

A local government may not be sued under Section 1983 for the deprivation of rights guaranteed by the Constitution or federal law "inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see id.* at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). But "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," the government agency is liable under Section 1983. *Id.* at 694.

To state a claim under Section 1983, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a

constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). There are three ways to show an "official policy": (1) "written policy statements, ordinances, or regulations"; (2) a "widespread practice that is so common and well-settled as to constitute a custom that fairly represents" the city's policy; or (3) under "rare circumstances," a single act can be considered a policy if done by an official or entity with "final policymaking authority." *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (citations and quotations omitted).

Plaintiff does not allege an official policy promulgated by the municipal policymaker, much less one that was the moving force behind any unconstitutional retaliation. Instead, Plaintiff merely alleges he "received notices" from BCAD, ECF No. 19 at 9, 87, was notified by BCAD that an "Appraisal Review Board hearing would be convened concerning Plaintiff's protest," *id.* at 10, and that BCAD (and Amezquita) moved to remove his case to federal court, *id.* at 50. This merely tracks the normally operating procedure of BCAD in assessing Plaintiff's ad valorem tax and responding to litigation.

**2. Plaintiff Fails to State a Claim Against Amezquita and Sandoval**

To start, Defendants Amezquita and Sandoval are mistaken on three fronts. Like BCAD, they also are not entitled to Eleventh Amendment immunity. *See* ECF No. 20 at 13. Nor does immunity under the Texas Tort Claims Act have anything to do with Section 1983 liability. *Id.* Further, that Amezquita was sued in the underlying state court proceedings does not bar Plaintiff's claims here under *Rooker-Feldman*. *See supra* note 7. But Amezquita and Sandoval also argue that Plaintiff fails to state a claim. Here, the Court agrees.[15]

To state a claim of First Amendment retaliation, a plaintiff must show: (1) he was engaged in constitutionally protected activity, (2) the defendants' actions caused him to suffer an injury that

[15] Amezquita and Sandoval also assert qualified immunity. Given Plaintiff fails on the merits, the Court need address whether the ad valorem valuations here are a discretionary function of the Chief Appraiser, which is a

would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct. *Keenan v. Tejeda,* 290 F.3d 252, 258 (5th Cir. 2002). The Court takes each prong in turn.

First, while unclear, the Court assumes that Plaintiff engaged in constitutionally protected activity by challenging his tax assessments. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1156 (10th Cir. 2007) (Gorsuch, J.) (rejecting argument that lawsuits and administrative appeals do not amount to "constitutionally protected activity").

But Plaintiff does not allege he has suffered any injury that would chill a person from continuing to challenge his tax assessments. Instead, the only injury he claims is improper tax assessments, which he *continues to challenge* with vigor.

Further, while Plaintiff alleges in conclusory fashion that Amezquita and Sandoval continued to raise the appraisal value as retaliation for publicly describing Amezquita's "corruptive acts," ECF No. 19 at 6, he offers no facts to back this up. Plaintiff does not tie Sandoval to any retaliation. The only allegations with respect to Sandoval are that he instructed Luttrell and

---

threshold burden Amezquita and Sandoval carry to plead qualified immunity. *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 318–19 (5th Cir. 2019) (looking to how sate law defines the duties of an official to determine the scope of his discretionary duties); *Sweetin v. City of Texas City*, 48 F.4th 387, 392 (5th Cir. 2022) (same).

That said, the Texas Tax Code appears to suggest it is. *See* TEX. TAX CODE § 23.01(a) (stating that the "market value of property shall be determined by the application of generally accepted appraisal methods and techniques," "each property shall be appraised based on the individual characteristics that affect the property's market value, and all available evidence that is specific to the value of the property shall be taken into account[,]" which appears to point to the exercise of judgment and deliberation); *see also id.* § 23.01(e) (increased appraisals in the next tax year must be "*reasonably supported by clear and convincing evidence when all of the reliable and probative evidence in the record is considered as a whole*" (emphasis added)); *cf. Cameron Cnty. Appraisal Dist. v. Rourk*, No. 13–15–00026–CV, 2016 WL 380309, at *5 (Tex. App.—Corpus Christi-Edinburg 2016, pet. denied) (concluding that chief appraiser's application of the tax code's exemptions requires discretion); *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 425–26 (Tex. 2004) (concluding that Board of Adjustment's decision to revoke a building permit was an exercise of discretion, as appellate review of an action "inevitably involves deliberation, judgment, and decision").

Davidson (BCAD's counsel) to raise the statute of limitations defense, ECF No. 19 at 98, and that Judge Gonzales "ruled in favor" of him, *id.* at 80.

Same with Amezquita. Plaintiff merely repeats his allegations that Amezquita improperly appraised the value of Plaintiff's property and labels this conduct retaliatory. *See, e.g.,* ECF No. 19 at 7 (contesting Amezquita's appraisal decision), at 31–40 (discussing Amezquita's alleged retaliation in a section titled "Retaliation by Amezquita," including by submitting certain appraisal values and disregarding Plaintiff's asserted valuation, which he characterizes as "maniupulat[ion]" of appraisal records). Nor does Plaintiff allege facts that show Amezquita was motivated at all by Plaintiff's decision to challenge the 2019 assessment in assessing his property's value in 2020–2023. And Plaintiff cannot plausibly allege that Amezquita's initial decision to impose a new assessment in 2019 was retaliatory, as Plaintiff did not challenge it until it was already imposed.

While Plaintiff points to Amezquita's allegedly improper refusal to release documents under the Texas Public Information Act—which is not evident from the complaint—Plaintiff has not pled any facts this was in response to Plaintiff's challenges to his valuation (as opposed to independent reasons under the TPIA). *See* ECF No. 5 at 82 (letter in response to Plaintiff's request explaining that BCAD was unable to determine responsive records).

If Plaintiff's gripe is with BCAD's increased appraisal value (as opposed to any retaliation), Plaintiff offers no theory for why this violates his constitutional rights. Assuming it did (and qualified immunity kicks in), Plaintiff fails to point to a single case that raising the appraisal value of Plaintiff's home—which appears to be a discretionary responsibility of the Chief Appraiser, *see supra* note 14—violated his constitutional rights.

**4. Defendants Luttrell and Davidson Did Not Act Under Color of Law**

Plaintiff's Section 1983 claims against Luttrell and Davidson fail because they were not acting under color of state law. A private, retained attorney does not act under color of law and

cannot be held liable under § 1983 in the absence of an actionable conspiracy. *Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). When alleging a conspiracy, "more than a blanket accusation" of conspiracy is necessary. *Arsenaux v. Roberts,* 726 F.2d 1022, 1023–24 (5th Cir. 1982).

Plaintiff has not alleged specific factual allegations to support the theory that Luttrell or Davidson were conspiring with other state actors to deprive the Plaintiff of his constitutional rights. Instead, Plaintiff's allegations relate to work done by Luttrell and Davidson in their capacity as attorneys' for BCAD, including successfully arguing their client's claims to the court, ECF No. 19 at 55, 102–03, routine litigation filings (such as removal, discovery motions, and appeals), *id.* at 27, 56, 88, informing Plaintiff of potential defamation claims considering Plaintiff's comments, *id.*, and scheduling Plaintiff's deposition, *id.* at 98–99. But "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with" the state. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

***

Accordingly, Plaintiff's Section 1983 claims against Defendants are **DISMISSED WITH PREJUDICE**.[16]

## CONCLUSION

For the foregoing reasons, Defendant Judge Norma Gonzales's motion to dismiss (ECF No. 7) is **GRANTED**. Bexar County Defendants' motions to dismiss (ECF Nos. 13 and 20) are

[16] Plaintiff has not requested leave to amend. It would be futile. Plaintiff has already filed three complaints and leave to amend is not required when a plaintiff has already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam).

**GRANTED**. Plaintiff's claims against Defendant Judge Norma Gonzales (including in her official capacity under Section 1983) are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Section 241 claims against the Bexar County Defendants are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Section 1983 claims against Defendants are **DISMISSED WITH PREJUDICE**.

It is **FURTHER ORDERED** that Plaintiff's motion to disqualify Ken Paxton and Scot M. Graydon, Assistant Attorney General of Texas (ECF No. 12) is **DENIED AS MOOT.** The mere fact that Plaintiff sought the assistance of the OAG in his tax complaints (and that assistance was denied) does not serve as any basis for recusal.

It is **FURTHER ORDERED** that Plaintiff's motion to add two defendants (ECF No. 27) is **DENIED AS MOOT.**

It is **FURTHER ORDERED** that Plaintiff's motions for a ruling (ECF Nos. 29 and 32) are **DENIED AS MOOT**.

A final judgment will issue in accordance with Rule 58.

The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 25th day of August, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE